IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC N. BERTRAM,

        Petitioner,

v.

DANIEL SPROUL,

        Respondent.

Case No. 23-CV-02198-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Eric Bertram, an inmate currently incarcerated at the United States Penitentiary in Marion, Illinois, brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

    Bertram was arrested in connection with three state criminal cases on January 22, 2007. (*See* Doc. 1, p. 3). An indictment was filed in the United States District Court for the Eastern District of Oklahoma for a new charge of being a felon in possession of a firearm on January 29, 2007. (*See id.*). His parole for the earlier cases was then revoked on May 21, 2007. (*See id.*). He was sentenced for the felon in possession charge on January 28, 2008. (*See id.*). He was subsequently released via parole from the three state cases on June 30, 2022, at which time he started serving the sentence for the felon in possession charge. (*See id.*).

Bertram argues that his sentences should have been served concurrently, not consecutively in accordance with the United States Parole Commission's guidelines. (*See id.*, pp. 1–2). The Bureau of Prisons argues that, because the sentencing judge for the felon in possession charge did not reference the earlier three cases against him for which parole was revoked and because 18 U.S.C. § 3585(b) precludes the "application of credit for time spent serving another sentence," his earlier time cannot be credited against the federal sentence. (*See id.*, p. 3).

Bertram thus raises one issue: whether or not his time served was adequately factored into his current term of imprisonment. (*See id.*, pp. 1–2). Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Bertram is not entitled to habeas relief.

### DISPOSITION

**IT IS HEREBY ORDERED** that Respondent Daniel Sproul shall answer or otherwise plead on or before December 11, 2023. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Bertram is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failing to provide

such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   November 9, 2023**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
