IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC N. BERTRAM,

        Petitioner,

v.

DANIEL SPROUL,

        Respondent.

Case No. 23-CV-02198-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 brought by Petitioner Eric N. Bertram, an inmate at United States Penitentiary Marion. (Doc. 1). In his Petition, Bertram argues that the Bureau of Prisons ("BOP") did not properly give him prior custody credit for 379 days between January 2007 and February 2008. For the following reasons set forth, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Bertram was paroled on December 5, 2000 with 11,345 days remaining in his sentence, which was originally imposed based on three criminal convictions in the United States District Court for the Northern District of Illinois. (*See* Doc. 15, Ex. A, ¶ 3 (citing Case Nos. CR2-82-00005; CR2-86-00030; CR2- 86-00036)). Bertram was subsequently arrested and charged with being a felon in possession of a firearm on September 20, 2006 in Muskogee County, Oklahoma; he was released on bond on October 7, 2006. (*See id.*, ¶ 4 (citing Case No. CF-2006-00797)). An arrest warrant

was issued by the United States Parole Commission ("USPC") for Bertram's parole violations on December 11, 2006 and the warrant was executed on January 22, 2007. (*See id.*, ¶ 5). A Complaint was also approved on January 29, 2007 in the United States District Court for the Eastern District of Oklahoma bringing federal charges against Bertram for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Bertram*, Case No. 07-CR-00010-JFH-1 (Sept. 25, 2009) (Doc. 1). The USPC issued a Notice of Action on May 21, 2007 stating that "[a]ll of the time spent on parole shall be credited. In the event you receive a new conviction, your case may be reopened to address the forfeiture of street time." (*See id.*, ¶ 6 (citing *id.*, p. 19)). Bertram was subsequently sentenced to 51 months incarceration in the Eastern District of Oklahoma case on January 28, 2008; in his sentencing, District Judge John H. Payne did not discuss a relationship with any prior sentence and did not indicate whether the imposed sentence would run concurrently or consecutively. (*See id.*, ¶ 8 (citing *United States v. Bertram*, CR-07-00010-001-JHP (Jan. 28, 2009) (Doc. 167))).

The state charges in Muskogee County, Oklahoma were dismissed on September 10, 2008 while Bertram was federally incarcerated. (*See id.*, ¶ 9). The USPC issued another Notice of Action on March 8, 2013[1] modifying its ruling from May 21, 2007 and stating that Bertram would not receive credit for the time he spent on parole between December 6, 2000 through January 21, 2007. (*See id.*, ¶ 10). A third

---

[1] A modified Notice of Action was filed by the USPC on March 11, 2013 that did not change the ruling in the March 8, 2013 version. (*See* Doc. 15, Ex. A, pp. 35–36).

Notice of Action was issued by the USPC on March 3, 2022 that established Bertram's parole effective date of June 20, 2022. (*See id.*, ¶ 11).

Bertram filed the instant § 2241 Petition on June 26, 2023. (*See* Doc. 1). Respondent Sproul filed a response on December 11, 2023. (*See* Doc. 15).

### APPLICABLE LEGAL STANDARDS

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335).

Generally, the BOP's sentencing calculation is governed by 18 U.S.C. § 3585, which provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Section 3585(b) governs credit for time served before the commencement of a federal sentence:

> (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>     (1) as a result of the offense for which the sentence was imposed; or

>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

*Id.* (emphasis added).

## ANALYSIS

In his Petition, Bertram argues that 379 days of credit were not applied to his 51-month Eastern District of Oklahoma sentence and that sentence was "already served 10 years ago." (*See* Doc. 1, p. 1). He argues that 28 C.F.R. § 2.47(e)(1)–(2) apply to his circumstances and that "all time in federal, state, or local confinement on a new offense" should be applied as time credit. (*Id.*). In response, Sproul argues that the sentence imposed by District Judge Payne was silent on whether Bertram's sentence should run consecutively or concurrently and, thus, the default option is that the sentence is to run concurrently. (*See* Doc. 15, p. 4 (quoting 18 U.S.C. § 3584(a)); *see also id.*, ¶ 8 (citing *United States v. Bertram*, CR-07-00010-001-JHP (Jan. 28, 2009) (Doc. 167))). Regarding the time credit Bertram requests, Sproul argues both that the judgment in question was silent on this issue and that the time Bertram was in federal custody between January 22, 2007 and January 28, 2008[2] was applied to his previous convictions, not to his Eastern District of Oklahoma conviction. (*See id.*, p. 4 n.3).

18 U.S.C. § 3584(a) states that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run

---

[2] Sproul also notes that Bertram is likely counting the period between January 22, 2007 and February 4, 2008 (the most recent federal judgement) even through the judgement was imposed on January 28, 2008. (*See* Doc. 15, p. 4 n.3).

concurrently." Here, the sentence imposed by District Judge Payne was silent as to the relationship between the imposed sentence for case CR-07-00010-001-JHP and the aggregate sentence Bertram was already serving in cases CR2-82-00005, CR2-86-00030, and CR2- 86-00036 due to violation of his parole. Bertram was already in prison serving his aggregate sentence for the prior convictions when he was convicted and sentenced in the Easterm District of Oklahoma case. Thus, once Bertram was paroled in cases CR2-82-00005, CR2-86-00030, and CR2- 86-00036, he started serving his 51-month sentence in case CR-07-00010-001-JHP.

Moreover, regarding Bertram's request for jail time credit for the period between January 22, 2007 and February 4, 2008, 18 U.S.C. § 3585 is explicit that a defendant can only be given presentence credit if the time in question was not credited against another sentence. Here, Bertram's presentence confinement was applied to the aggregate sentence for cases CR2-82-00005, CR2-86-00030, and CR2-86-00036 for which his parole was revoked. The BOP indicates that 18 additional days of prior custody credit were applied to Bertram's sentence from when he was jailed from September 20, 2006 to October 7, 2006 on the later-dismissed state charges the time. (*See* Doc. 15, p. 5).

Finally, 28 C.F.R. § 2.47 only applies to the USPC's consideration of "street time" after the revocation of parole; it does not inform, impact, or apply to change BOP sentence computation. Moreover, even if it did apply, it is expressly not applicable when "the running of the original sentence is not interrupted by a new conviction" as here, since Bertram's District of Oklahoma sentence did not begin to

run until after he was paroled from his previous aggregate sentence. *See id.* § 2.47(e)(2). Thus, Bertram's arguments are without merit and he was provided with the maximum amount of time credit as was possible.

## CONCLUSION

For the reasons set forth above, Eric N. Bertram's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

If Bertram wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be

extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  February 1, 2024**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**